■ In the Matter of the Claim of JOSEPH KELLY, Respondent, v. CHELSEA CHEVROLET CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision and award of the Workmen's Compensation Board, filed April 27, 1967. Claimant, an automobile salesman, sustained injuries when involved in an automobile accident while in the course of his employment. A third-party action was commenced against the owner and the driver of the other car involved in the accident and settlement negotiations took place. An offer to settle in the amount of $1,500 was made by the defendants but the appellant carrier refused to consent to such a settlement. On December 15, 1964 this action was tried before a County Judge of Westchester County, the defendants having waived a jury. The plaintiff testified and submittted evidence concerning his cause of action and no defense was interposed. The court found on the testimony and the exhibits that the plaintiff had been injured as a result of the accident, that he suffered pain and required treatment for said injuries and that plaintiff was entitled to recover judgment against the defendants in the sum of $1,750. Appellants contend that this judgment, which was duly entered, was in effect a settlement and because the consent required under subdivision 5 of section 29 of the Workmen's Compensation Law was not obtained, they are relieved from liability. A majority of the board panel found the judgment represented a trial court's evaluation of the damages sustained and it was not the result of a settlement or compromise between the parties and therefore the carrier's consent was not required. The question of whether or not the judgment represents an independent evaluation by the court or whether it was the product of a settlement or agreement between the parties is a question of fact for the board (*Matter of Minnitti* v. *Fleet Messenger Serv.*, 4 A D 2d 916) and where, as here, that determination is supported by substantial evidence it may not be disturbed (Workmen's Compensation Law, § 20). There is nothing in the record which compels us as a matter of law to find that the judgment in question was not the trial court's considered judgment and evaluation based on the evidence before it (*Matter of Kushner* v. *Kingston Knitting Mills*, 2 A D 2d 394, mot. for lv. to app. den. 2 N Y 2d 709; *Matter of Sadowski* v. *Danforth Co.*, 2 A D 2d 728, mot. for lv. to app. den. 2 N Y 2d 705). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.